# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JULIE B. MASSIE,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-190

Magistrate Judge Michael J. Newman
(Consent Case)

___

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR AN IMMEDIATE AWARD OF BENEFITS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**
___

This is a Social Security disability benefits appeal for which the parties have consented to entry of final judgment. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court on Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 15), Plaintiff's reply (doc. 16), the administrative record (doc. 6),[1] and the record as a whole.

## I.

### A.    Procedural History

Plaintiff filed for DIB alleging a disability onset date of June 9, 2012. PageID 2884. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, cervical and thoracolumbar degenerative disc disease with residuals of surgery, Arnold-Chiari malformation, headaches, should strain, Ehler's-Danlos Syndrome, depressive disorder, and an anxiety disorder. PageID 623.

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After an initial denial of her application, Plaintiff received a hearing before ALJ Emily Ruth Statum on June 19, 2014. PageID 89-109. ALJ Statum issued a written decision on July 24, 2014 finding Plaintiff not disabled. PageID 193-95. Plaintiff appealed the non-disability finding, and, with consent from the Commissioner, this Court remanded her claim for further consideration. PageID 695; *Massie v. Comm'r of Soc. Sec.*, No. 3:16-cv-73 (S.D. Ohio Sep. 30, 2016).

On remand, Plaintiff received a second administrative hearing on July 12, 2017 before ALJ Elizabeth A. Motta. PageID 671-96. ALJ Motta issued a written decision on October 25, 2017 finding Plaintiff not disabled. PageID 620-40. Specifically, ALJ Motta found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[2] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 630-40.

Thereafter, the Appeals Council denied Plaintiff's request for review, making ALJ Motta's non-disability finding the final administrative decision of the Commissioner. PageID 50-52. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007). This October 25, 2017 non-disability finding by ALJ Motta (hereinafter, "ALJ") is now before the Court for review.

**B.     Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 40-60), Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 15), and Plaintiff's reply (doc. 16). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

---

[2] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

**II.**

**A. Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B. "Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

In her Statement of Errors, Plaintiff argues that the ALJ erred in weighing the medical source opinions of record. Doc. 13 at PageID 2884. Finding error in the ALJ's assessments of the opinions written by Plaintiff's treating physicians, the undersigned agrees with her alleged errors.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a

unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[3]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

---

[3] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id*.

5

Here, Noshir Deboo, M.D., Plaintiff's treating orthopedist, authored an opinion on March 21, 2014 regarding Plaintiff's physical functional limitations. PageID 491-95. Dr. Deboo determined that -- due to her Chiari Arnold Syndrome, Trapezial Atrophy, and frozen shoulder -- Plaintiff could occasionally lift and carry less than ten pounds; frequently lift and carry less than five pounds; stand and walk zero hours per day without interruption; sit less than four hours per day but not more than two hours without interruption; could never climb, balance, stoop, crouch, or crawl; and that reaching, handling, fingering, and feeling were affected by her impairments. PageID 491-93. Ultimately, Dr. Deboo concluded that Plaintiff could not perform even sedentary work on a sustained basis and would be absent more than three times a month due to her impairments or treatment for the same. PageID 494-95.

In affording this treating opinion "minimal weight," the ALJ found it unsupported by "objective and clinical findings." PageID 637. Specifically, the ALJ asserted that shoulder imaging revealing "a strain/sprain with no imaging evidence of bony or joint pathology" and an MRI "of the claimant's spine…[showing] post-surgical changes at L4-L5 with mild degenerative changes and central annular tear at L5-S1" could not support Dr. Deboo's opinion. *Id.* (internal citations omitted). The ALJ does not, however, have the medical acumen to unilaterally interpret these abnormal images as inconsistent with the walking and lifting limitations contained in Dr. Deboo's opinion. *See Mabra v. Comm'r of Soc. Sec.*, No. 2:11-CV-00407, 2012 WL 3600127, at *3 (S.D. Ohio Aug. 21, 2012) ("[T]he Court cannot ignore that the ALJ offered [his] own lay interpretation of the medical evidence in the face of more severe opinions from Plaintiff's treating physician"); *Deskin v. Comm'r of Soc. Sec.*, 605 F.Supp.2d 908, 912 (N.D. Ohio 2008) ("[T]he ALJ may not interpret raw medical data in functional terms"). In so doing, the ALJ erred in supplanting her own medical judgment for that of Plaintiff's treating physician. *See Simpson v. Comm'r of Soc. Sec.*, 344 Fed. Appx. 181, 194 (6th Cir. 2009) (citing *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)) (stating "ALJ's must not succumb to the temptation to play doctor and make their own independent medical findings").

6

But even assuming, *arguendo,* that the ALJ is correct, she failed to consider that there is other clinical evidence supportive of Dr. Deboo's limitations. Dr. Deboo stated as much when he listed Plaintiff's Chiari-Arnold Syndrome; trapezial atrophy; frozen shoulder; weakness in upper extremities, neck, and shoulder; and loss of motion, strength, and dexterity as supportive of his assessment. PageID 491-94. The ALJ also overlooked the additional MRIs of Plaintiff's spine and shoulder, which show "multiple disc protrusions as well as a T9-T10 left-sided disc herniation with mild disc extrusions [and] [m]ultilevel flattening of the spinal cord"; "[d]isc protrusion at the C2-C3 and C5-C6 levels"; and "postoperative changes for Chiari decompression surgery." PageID 450-53. Dr. Deboo's treatment notes state that an MRI "of the trapezial area showed focal edema along the muscle adjacent to the skin marker" and "left shoulder shows a high riding scapula and myofascial objective spasm of the left trapezius, tenderness and pain and limited flexion and abduction." PageID 407-09. By 2016, MRI imaging revealed that Plaintiff had "postsurgical changes at L4-5 and L5-S1… [and] mild foraminal narrowing at the L5-S1 level" and "disc bulge and facet arthropathy with mild effacement of the thecal sac at L3-4." PgaeID 1035. Additional treatment notes in early 2017 documented lumbar and sacral tenderness with palpation; positive straight leg test; and L5-S1 radiculopathies. PageID 1028-29. Thus, the ALJ's assertion -- that Dr. Deboo's opinion is inconsistent with objective and clinical findings -- is not supported by substantial evidence.

Dr. Deebo's opinion is not only supported by objective medical evidence in the record, but it is also bolstered by the opinion of Joseph M. Mormon, M.D., Plaintiff's longtime family physician. Consistent with Dr. Deebo's opinion, Dr. Mormon opined that Plaintiff could lift five pounds frequently and ten pounds occasionally; stand and walk for three to four hours total but not for more than thirty minutes without interruption; and sit for six hours a day "if able to change positions and get up when needed" but not for more than one hour without interruption. PageID 593-94. Dr. Mormon additionally found that Plaintiff could occasionally climb, balance, and kneel but could never stoop, crouch, or crawl. PageID 594. Finally, Dr. Mormon found that Plaintiff's "concentration and

communication are affected by the daily pain med[ications]." PageID 595. The ALJ wholly discredited this treating opinion, as well, finding that it was not "fully supported" by the record. PageID 636. The undersigned finds two additional errors in her assessment of Dr. Mormon's opinion.

First, requiring Dr. Mormon's treating opinion to be "fully supported" by the record is an erroneous application of the controlling weight test. Soc. Sec. R. 96-2, 1996 WL 374188, at *83 (A treating opinion "not inconsistent with substantial evidence in the first step does not have to be supported directly by all of the other evidence (*i.e.,* it does not have to be consistent with all other evidence) as long as there is no other substantial evidence in the case record that contradicts or conflicts with the opinion"); *see also Cowens v. Berryhill*, No. 3:16-CV-227, 2017 WL 3015701, at *6 (S.D. Ohio July 17, 2017). Second, the record demonstrates that -- in violation of 20 C.F.R. § 404.1527(c) -- the ALJ applied more rigorous scrutiny to the opinion of this treating physician than the non-treaters. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 379 (6th Cir. 2013) (holding that ALJs are prohibited from applying greater scrutiny to the opinions of treating physicians than non-treaters). Indeed, the ALJ afforded "great weight" to the state agency's non-examining physicians after summarily finding their opinions "remain consistent with the evidence." PageID 635. Yet, these treating physicians did not review any of Plaintiff's abnormal MRIs after April of 2013. PageID 123, 129. The undersigned thus finds reversal mandated in light of the ALJ's errors in assessing both of Plaintiff's treating physicians' opinions. *Blakley,* 581 F.3d at 406-07.

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's

8

entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

In this case, evidence of disability is overwhelming. Plaintiff's disability is shown by the opinion of her two treaters, Drs. Deboo and Mormon, both of whom relied upon objective medical evidence. Evidence to the contrary, *i.e.*, the opinions of record-reviewing physicians, was written without reviewing the entirety of Plaintiff's abnormal imaging. Further, the undersigned is disinclined to remand in light of the two administrative hearings Plaintiff has already received -- indicating that sufficient fact-finding has taken place -- and because it would further and unnecessarily delay this case, filed over five years ago. *Ellis v. Comm'r of Soc. Sec.*, No. 3:15-CV-137, 2016 WL 463359, at *2 (S.D. Ohio Feb. 8, 2016), *report and recommendation adopted,* No. 3:15-CV-137, 2016 WL 828144 (S.D. Ohio Feb. 26, 2016). Accordingly, because the evidence overwhelmingly demonstrates Plaintiff's disability, this case must be remanded for an immediate award of benefits. *Cf. Moody v. Comm'r of Soc. Sec.*, No. 14–CV–224, 2016 WL 1729579, at *5 (S.D. Ohio Feb. 5, 2016); *Washington v. Comm'r of Soc. Sec.*, No. 3:15–CV–367, 2016 WL 6694199, at *5 (S.D. Ohio Nov. 15, 2016), *report and recommendation adopted sub nom. Washington v. Colvin*, No. 3:15–CV–367, 2016 WL 7494887 (S.D. Ohio Dec. 30, 2016).

## V.

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for an immediate award of benefits; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date:  8/29/2019                                         s/ Michael J. Newman
                                                         Michael J. Newman
                                                         United States Magistrate Judge